KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
711 S 4th Street, Suite 101
Las Vegas, NV 89101
kal13mail@las13.com
Tel: (702) 853-0700
Fax: (702) 853-0713

E-FILED

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

IN RE:
SHANA JANELLE RANDLE BROWN

Debtor(s)

Case No:-26-13727-HLB

CHAPTER 13

Hearing Date: October 29, 2026
Hearing Time: 1:30 pm

PRO SE DEBTOR
Attorney for the Debtor

**AMENDED TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and hereby alleges as follows:

**Statement of Facts**

The Debtor(s) filed for Chapter 13 relief on 06/12/2026. The Section 341(a) Meeting of Creditors held on August 25, 2026 at 1:00 pm was continued to September 22, 2026 at 2:00 pm.

**Argument**

The Trustee objects to confirmation of the Chapter 13 Plan and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c) for one or more of the following reasons:

- Want of prosecution and unreasonable delay has been caused due to Debtor(s) failed to appear at the Section 341 Meeting of Creditors: SHANA JANELLE RANDLE BROWN 11 U.S.C. §341(a) & 1307(c)(1) & F.R.B.P. 4002 (a)(1)
- Debtor(s) failed to commence payments as required by the proposed plan and Sec. 1326(a). 11 U.S.C. §1326(a)(1) & 1307(c)(4)

- Debtor(s) is/are delinquent with payments required by the proposed plan and sec. 1326(a). 11 U.S.C. §1307(c)(1)
- Debtor(s) failed to comply with notice/re-notice requirements. failed to file a Certificate of Service Plan #1 and Notice of Confirmation Hearing F.R.B.P. 2002(a) & (b) & 11 U.S.C. §1324(b)
- Trustee cannot recommend confirmation of the plan until it is demonstrated that the Debtor(s) has/have paid all filing fees. 11 U.S.C. sec. 1325(a)(2)
- Debtor failed to file tax returns for 2020, 2021, 2024 and 2025. 11 U.S.C. §1308(a) and §1307(e).
- Debtor has failed to timely file a plan in compliance with 11 U.S.C. sec. 1321 & F.R.B.P. 3015.
- Plan is not feasible as required by 11 U.S.C. §1322 based on: Section 5.4: Plan does not pay 100%;
  Proof of Claim #2-1: IRS
- Trustee objects to the exemptions claimed as the exemptions are not allowed under the specified section or the amounts specified exceed the allowable exemption, specifically: Debtor has not listed any statutes and therefore, Trustee objects to any assertion of an exemption
- provide completed questionnaire

The Plan fails to provide for all of the Debtor(s)' disposable income pursuant to 11 U.S.C. §1325(a)(3) and (b) based on:

- Debtor understates monthly gross income by approximately $1480
- The current monthly income and information as reported on Form B122C-1 Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period is incorrect:
  - include income from Korner Store

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents[1] and/or amendments:

- Paystubs for the following period(s): 12/1/25 - 12/31/26 (Sprouts and Korner Store). 11 U.S.C. §704(a)(4) and/or 11 U.S.C. §521(a)(1)(B)(iv).
- Bank Statement(s) for the following period(s): #4993: 3/14/26 - 6/12/26.
- Amendment to Plan: Trustee objects to the first plan payment due date as it does not comply with 11 U.S.C. sec. 1326(a)(1);
  Section 4.2: remove IRS priority;
  Section 5.1: list IRS priority; remove Progress; Residential;
  Section 5.3: remove NV Energy .

- Amendment to Schedule A/B Real and personal Property: list any and all bank accounts including but not limited to #4993.
- Amendment to Schedule E/F. Creditors Holding Unsecured Claims: #2.1 Family Support Division, 2.2 IRS, 4.2 NV Energy, and 4.3 Department of Education need addresses and notice per LR 1007 (b)(5)(B).
- Amendment to Schedule I. Current Income of Individual Debtor(s): include income from Korner Store.

Finally, Trustee makes the following statements in an effort to maintain a clear record:

- Debtor should ensure that all creditors have been noticed pursuant to LR 1007(b)(5)(B).

**Conclusion**

WHEREFORE, for the foregoing reasons, the Trustee objects to confirmation and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated: 8/27/26

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
Chapter 13 Trustee

1 The Trustee requests that all documents be submitted in a redacted form. Please reference F.R.B.P. 9037 for guidance on the information that should be redacted.

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
711 S 4Th Street
Suite 101
Las Vegas, NV 89101

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **IN RE:**<br><br>**SHANA JANELLE RANDLE BROWN**<br><br>**Debtor (s)** | **CASE NO: BKS-26-13727-HLB**<br>**Chapter 13** |

**CERTIFICATE OF SERVICE**

1. On August 27, 2026, I served the following document(s):

**AMENDED TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

2. I served the above-named documents(s) by the following means to the persons as listed below:

**United States mail, postage fully prepaid**

| | |
|---|---|
| SHANA JANELLE RANDLE BROWN<br>1326 MISTY VIEW CT<br>NORTH LAS VEGAS, NV 89031 | PRO SE DEBTOR<br><br>, 00000 |

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 8/27/26

/s/ Esther Carr
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee